UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL MAAS RISENHOOVER,         ) | |
|                 Plaintiff,        ) | |
| v.              ) | Civil Action No. 22-1177 (UNA) |
| ANNA von REITZ, *et al.*,         ) | |
|                 Defendants.      ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The Court grants the application and, for the reasons discussed below, dismisses the complaint.

To the extent the complaint appears to be based on "fanciful factual allegations[]," it is subject to dismissal as frivolous, *Neitzke v. Williams*, 490 U.S. 319, 328 (1989), and the Court cannot exercise subject matter jurisdiction over a frivolous complaint, *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").

Additionally, to the extent the complaint fails to comply with the minimal pleading standard set forth in Federal Rule of Civil Procedure 8, it is subject to dismissal. A complaint must "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), and "[e]ach allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1). This complaint with exhibits exceeds 1000 pages, yet it fails to demonstrate Plaintiff's entitlement to relief of any sort. Given the length and disorganization of Plaintiff's submission, the Court declines to "burden . . . the part[ies] who must respond to it" by forcing them to "select the relevant material from a mass of verbiage." *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)); *see Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) ("When a complaint fails to comply" with Rule 8's requirements, "the district court has the power, on motion or *sua sponte*, to dismiss the complaint," especially in "cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." (internal quotation marks omitted)).

The Court will grant Plaintiff's application to proceed *in forma pauperis* and dismiss the complaint and this civil action without prejudice. An Order is issued separately.

DATE: May 27, 2022                                     TREVOR N. McFADDEN
                                                       United States District Judge